UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| WESLEY STEURY as trustee of the Clinton David Steury, Jr., Revocable Trust, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.:  1:04-CV-125-TS |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, CAYLOR NICKEL CLINIC, P.C., BLUFFTON HEALTH SYSTEM, LLC, and MIDWEST HEALTH NET, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss the Plaintiff's Complaint for Lack of Subject Matter Jurisdiction [DE 83, 85], filed by Defendant Caylor Nickel Clinic, P.C., on September 7, 2005, and joined by Defendant Bluffton Health System, LLC, on September 21. For the reasons stated herein, the motion will be granted.

**BACKGROUND**

On April 5, 2004, the Plaintiff, Wesley Steury, as trustee of the Clinton David Steury, Jr., Revocable Trust, filed a Complaint for Damages against the Defendants, Unum Life Insurance Company of America, Caylor Nickel, and Midwest Health Net, LLC. The Plaintiff alleged that the Defendants breached their fiduciary duty to Clinton Steury when they failed to inform him, among other things, that he was no longer eligible for life insurance benefits pursuant to his group policy, despite his inquiries regarding coverage. The Complaint asserted violations of the Employee

Retirement Income Security Act (ERISA), 29 U.S.C. § 1104[1], enforceable pursuant to § 1132. The Plaintiff also sought statutory damages under § 1132(c)(1) for Midwest's failure, as plan administrator, to provide the Plaintiff with requested documentation.

On June 1, 2004, Unum moved to dismiss the Plaintiff's Complaint for failure to state a claim under § 1109. On July 1, the Plaintiff moved to amend his complaint to correct the statutory reference and to add Bluffton Health System, LLC, as a defendant. The Court granted the Plaintiff's motion and Unum's motion to dismiss was deemed moot and terminated. Unum was dismissed from the suit on August 15, 2005, by stipulation of the parties.

On September 2, 2004, Caylor Nickel answered the Amended Complaint for Damages. On October 7, Bluffton filed an Answer.

On August 16, 2005, the Plaintiff moved to amend his complaint to add River Terrace Estates, Inc., as a party that could potentially be liable to the Plaintiff in this action. On August 24, the Court took the Plaintiff's motion to amend under advisement pending its ruling on anticipated motions to dismiss by Caylor Nickel and Bluffton Health Systems. On September 7, Caylor Nickel moved to dismiss the Amended Complaint for lack of subject matter jurisdiction. Bluffton joined in the motion on September 21. The Defendants argue that the Court lacks jurisdiction over the Plaintiff's claim under § 1132(a)(3) because the Plaintiff is not entitled to equitable relief and § 1132(a)(3) does not authorize recovery for money damages. The Plaintiff, who responded to the motions to dismiss on November 9, argues that he seeks equitable relief for the Defendants' breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3)(B) and seeks a "reparative injunction to restore

---

[1] The Complaint actually referenced § 1109. After Defendant Unum moved to dismiss the Complaint because the Plaintiff did not state a claim for relief under § 1109, the Plaintiff filed an amended complaint to correct this typographical error.

an entitlement that was lost due to violations of public policy as embodied by ERISA." (DE 88, ¶ 3.)

**FACTUAL ALLEGATIONS**

The Plaintiff Trust is a beneficiary of a life insurance policy covering the life of Dr. Clinton David Steury. Dr. Stuery received such coverage and other benefits as an employee of Caylor Nickel Unum was the actual provider of the insurance. Midwest Health Net and Bluffton helped administer the life insurance benefits.

In early 1999, as a result of his struggles with cancer, Dr. Steury was no longer able to work full time for Caylor Nickel. From early 1999 until March 2001, he was either off work entirely or working part time and collecting disability benefits. Dr. Steury made inquiries to Caylor Nickel, Bluffton, and Unum regarding the status of his eligibility for life insurance benefits given his illness and related disability and part time status. Caylor Nickel asked Midwest, or Bluffton, or both, to clarify Dr. Steury's eligibility for benefits.

The Defendants did not inform Dr. Steury that he was no longer eligible for life insurance benefits under the group policy or inform him of the option to convert his group policy into an individual policy, despite his inquiries and despite being intimately aware of Dr. Steury's medical and work situation. Neither Caylor Nickel nor Bluffton filed the appropriate documentation for a waiver of premium or conversion of Dr. Steury's life insurance policy.

**DISCUSSION**

**A. Standard of Review**

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir.1998).

When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698, 701 (7th Cir. 2003). The movant may also use affidavits and other material to support its motion if the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The plaintiff has the obligation to establish jurisdiction by competent proof. *Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999). The presumption of correctness accorded to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question. *Id.* at 856.

**B. Subject Matter Jurisdiction Over ERISA Claim**

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case arises under the laws of the United States within the meaning of § 1331 only when the claim for relief depends in some way on federal law as stated in a well pleaded complaint." *Adm. Committee of Wal-Mart Stores, Inc. Assocs.'*

4

*Health and Welfare Plan v. Varco*, 338 F.3d 680, 686 (7th Cir. 2003).

Whether this Court has subject matter jurisdiction over the Plaintiff's ERISA claims hinges on whether the relief the Plaintiff seeks is legal or equitable. ERISA § 502(f), 29 U.S.C. § 1132(f) states that district courts have "jurisdiction without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a)" of ERISA. Subsection (a)(3) provides that a civil action may be brought by a beneficiary "to enjoin any act or practice which violates any provision of this subchapter" or "obtain other appropriate equitable relief" to redress the violations. 29 U.S.C. § 1132(a)(3). Therefore, a district court only has jurisdiction over a § 502(a)(3) claim if the plaintiff seeks equitable relief. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 221 (2002) (section "502(a)(3), by its terms, only allows for equitable relief."); *Admin. Comm. v. Gauf,* 188 F.3d 767, 770 (7th Cir. 1999) ("The plain wording of § 502(a)(3) makes clear that, if the Committee is seeking legal relief, we do not have jurisdiction.") (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255–62 (1993)).

The parties, of course, dispute the nature of the requested relief. The Plaintiff alleges that the Defendants violated 29 U.S.C. § 1104, which describes the fiduciary's duties to a plan's participants and beneficiaries. This section is enforceable through § 502(a)(3). In his Complaint, the Plaintiff contends that he is entitled to equitable relief, "including, but not limited to, constructive trust, equitable lien, and equitable restitution." (Amd. Compl. ¶ 35A.) The Plaintiff maintains that these are available remedies under § 502(a)(3).

The Defendants maintain that, as a matter of law, the Plaintiff cannot obtain equitable restitution from them and, thus, he does not have a viable claim under ERISA § 502(a)(3). The Defendants argue that equitable restitution is not appropriate because the Plaintiff cannot direct the

5

Court to any specific funds within the Defendants' possession that rightfully belong to him. They submit that a constructive trust or equitable lien is likewise inapplicable because the Plaintiff essentially seeks the $300,000 purportedly due to Dr. Steury under the life insurance policy, not any particular funds or property in the Defendants' possession. The Defendants assert that any claim for injunctive relief would also fail because any requirement that the Defendants purchase a life insurance policy on Dr. Steury's life would in actuality obligate them to pay the Plaintiff the full amount of the life insurance proceeds—$300,000—because Dr. Steury is already deceased. Such relief, they argue, would constitute compensatory damages, not equitable relief.

The Plaintiff, in its response to the Defendants' Motion to Dismiss, contends that the proper equitable relief in this matter is a reparative injunction. (Resp. at 2) ("Specifically, Plaintiff is asking that should this Court determine that the ERISA violations of the Clinic and Hospital resulted in the loss of life insurance policy of Dr. Steury that the culpable party(ies) be ordered to restore the life insurance benefits of Dr. Steury as they existed prior to the breaches of fiduciary duties.") The Plaintiff submits that this relief will prevent future harm by restoring to Dr. Steury his status as a participant in the group life insurance policy, to which the Plaintiff is entitled to be listed as a beneficiary. The Plaintiff does not argue that the relief he requested in his Amended Complaint, a constructive trust, equitable lien, and equitable restitution, is appropriate. Therefore, the Court's analysis will focus on the availability of a reparative injunction only.

**C. Reparative Injunction**

The Plaintiff acknowledges that the Supreme Court has interpreted § 502(a)(3) to contemplate relief "typically available in equity" (Resp. at 6) (citing *Mertens*, 508 U.S. at 256 and

*Great-West*, 534 U.S. at 210). The Plaintiff contends that the injunctive relief he seeks is a traditionally equitable remedy. He submits that a reparative injunction is appropriate to restore the Plaintiff's benefit.

"A reparative injunction prevents the future harmful effects of past acts; it requires the defendant to restore the plaintiff to a preexisting condition to which plaintiff was entitled." *Lampkin v. District of Columbia*, 886 F. Supp. 56, 62 (D.D.C. 1995); *see also* Dan B. Dobbs, Dobbs Law of Remedies § 2.9 at 225 (2d ed. 1993) ("The reparative injunction requires the defendant to restore the plaintiff to a preexisting entitlement").

In *Great-West*, which is instructive here, the Supreme Court was not persuaded by the plaintiff's attempts to characterize the relief it sought as equitable. The plaintiff sought to enjoin an act or practice that violated the terms of the plan, specifically, the defendants' failure to reimburse the plan.

> But an injunction to compel the payment of money past due under a contract, or specific performance of a past due monetary obligation, was not typically available in equity. Those rare cases in which a court of equity would decree specific performance of a contract to transfer funds were suits that, unlike the present case, sought to prevent future losses that either were incalculable or would be greater than the sum awarded.

534 U.S. at 210–11 (internal citations and footnote omitted). The Court also noted that the injunctive relief authorized by § 502(a)(3)(A) must be, and is, an equitable remedy and is "deemed to contain the limitations upon its availability that equity typically imposes." *Id.* at 211 n.1 ("Without this rule of construction, a statutory limitation to injunctive relief would be meaningless, since any claim for legal relief can, with lawyerly inventiveness, be phrased in terms of an injunction.").

This Court holds that the reparative injunction sought by the Plaintiff is actually a claim for money due under a contract for life insurance, fitting into the following description of legal relief:

7

> "A claim for money due and owing under a contract is 'quintessentially an action at law.'" *Wal-Mart Stores, Inc. v. Wells*, 213 F.3d 398, 401 (7th Cir. 2000) (Posner, J.). "Almost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." *Bowen v. Massachusetts*, 487 U.S. 879, 918–19, 108 S. Ct. 2722, 101 L. Ed.2d 749 (1988) (SCALIA, J., dissenting). And "[m]oney damages are, of course, the classic form of legal relief." *Mertens, supra*, at 255, 113 S. Ct. 2063.

*Great-West*, 534 U.S. at 210.

The Court's holding is also consistent with *Weinreb v. Hospital for Joint Diseases Orthopaedic Institute*, 285 F. Supp. 2d 382, 388 (S.D.N.Y. 2003), in which the plaintiff claimed that the defendant's breach of fiduciary duty resulted in no life insurance coverage on her deceased husband. The court found that the plaintiff's request for an injunction directing the hospital to enroll her husband *nunc pro tunc* in a life insurance plan was "a thinly disguised attempt to recover the money that [the employee's] estate (or his widow) would have been paid" had he completed the appropriate enrollment form. *Weinreb*, 285 F. Supp. 2d at 388. The court held that the money was not recoverable as equitable relief under § 502(a)(3). *Id.* The Plaintiff contends that *Weinreb* is distinguishable because, unlike Dr. Steury, the deceased in that case was never enrolled in the plan. The Plaintiff argues that a reparative injunction was not an option in *Weinreb* because the court could not restore the deceased to group life insurance that he was never entitled to. The Court does not find this distinction between restoration of eligibility (whether to a group plan or individual plan) and enrollment in a plan anew to be relevant for purposes of determining whether the remedy is essentially a request for specific performance of a contractual obligation to pay past due sums. There is simply no indication that this was an important factor in the *Weinreb* decision.

The Plaintiff has not pointed to, nor has the Court found, any ERISA case authorizing a

8

reparative injunction under § 502(a)(3). *See Ruiz v. W.J. Estelle, Jr.*, 679 F.2d 1115 (5th Cir. 1982) (authorizing reparative injunction to remedy constitutional deficient conditions in a prison); *Deck v. City of Toledo*, 76 F. Supp. 2d 816 (N.D. Ohio 1999) (granting a reparative injunction to ensure curb ramps were in compliance with Americans with Disabilities Act). Nevertheless, the Plaintiff urges the Court to consider ERISA's comprehensive legislative scheme, including its "integrated system of procedures for enforcement" to find that he has a remedy. (Resp. at 8.) The Plaintiff contends that failure to allow a remedy for breach of fiduciary duty in this case would go "against the clearly articulated purpose of ERISA." (*Id.* at 8.)

The Supreme Court considered a similar argument in *Great-West* and responded that it was not the court's "job to find reasons for what Congress has plainly done." 534 U.S. at 217. Rather, it is the court's "job to avoid rendering what Congress has plainly done (here, limit the available relief) devoid of reason and effect." *Id.* at 217–18. Just as the Supreme Court in *Great-West*, this Court will not "attempt to adjust the 'carefully crafted and detailed enforcement scheme' embodied in the text that Congress has adopted." *Id.*

The Court finds that the Plaintiff's requested relief is commensurate with damages for past wrongs and is not viable under ERISA § 503(a)(3). The Plaintiff essentially seeks $300,000 compensation for loss resulting from the Defendant's alleged breach of its fiduciary duty. This is a form of legal relief that is not recoverable under § 502(a)(3) and Count I of the Plaintiff's Complaint is dismissed.

**CONCLUSION AND ORDER**

For the foregoing reasons, the Defendants' Motion to Dismiss [DE 83, 85] is GRANTED. Count I of the Amended Complaint and Defendant Caylor Nickel and Bluffton Health Systems are dismissed. Finding that there is no just reason for delay, the Court directs the entry of judgment for Caylor Nickel and Bluffton Health Systems and against Wesley Steury as trustee of the Clinton David Steury, Jr., Revocable Trust. The Plaintiff's Motion to Amend his Complaint [DE 79] to add an additional defendant, which was previously taken under advisement, is DENIED.

SO ORDERED on March 2, 2006.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT